| | |
|---|---|
| IN RE<br><br>GARY M. GIBLEN, and<br>ANNA MARIE GIBLEN,<br><br>Debtors.<br><br>SCOTT M. CHARMOY,<br><br>Appellant. | No. 3:17-cv-00552 (SRU) |

# RULING AND ORDER CONCERNING APPEAL FROM
## *SUA SPONTE* ORDER IMPOSING SANCTIONS

Scott M. Charmoy, Esq. ("Attorney Charmoy") timely appealed an order of Chief United States Bankruptcy Judge Julie A. Manning dated March 29, 2017. Doc. No. 1-1, Notice of Appeal from Bankruptcy Court, Order, at 1-5. The order instructs Attorney Charmoy to compensate Attorney Merrie Hawley, acting as committee for sale ("the Committee") for all fees and expenses incurred in a related foreclosure action in state court. *See* Doc. No. 1-1, Notice of Appeal from Bankruptcy Court, Order, at 4-5.

In her Order Granting Relief from Automatic Stay and Imposing Sanctions After Show Cause Hearing, Chief Judge Manning held that Attorney Charmoy had "committed violations of the duty of candor to the Court and violations of Federal Rule of Bankruptcy Procedure 9011 and Federal Rule of Civil Procedure 11." Doc. No. 1-1, Notice of Appeal from Bankruptcy Court, Order, at 3. Attorney Charmoy correctly pointed out a few technical problems regarding the procedures employed in connection with the sanctions issue by the Bankruptcy Court. In addition, the Bankruptcy Court erred in ordering Attorney Charmoy to pay a Rule 11 sanction to

the Committee. Accordingly, I remand the matter to the Bankruptcy Court for further proceedings consistent with this Order.

I. **Background**

On December 18, 2017, Attorney Charmoy filed a Chapter 7 bankruptcy case in United States Bankruptcy Court on behalf of Gary and Anna-Marie Giblen ("the Giblens" or "the Debtors"). March 23, 2017 Transcript ("Transcript"), Doc. No. 10, at 104:1-9. On December 3, 2017, more than two weeks before the Chapter 7 case was filed, the Giblens' home was sold in a foreclosure sale approved by the Stamford Superior Court. Transcript, Doc. No. 10, at 4:8-13. The foreclosure sale of the Giblens' property occurred prior to the filing of the Debtors' case, but Chief Judge Manning did not find out about the foreclosure sale until March 7, 2017, during a hearing at which the Chapter 7 Trustee objected to the Debtors' claim of exemptions and sought to employ a realtor to market and sell their property. Doc. No. 1-1, Notice of Appeal from Bankruptcy Court, Order, at 3; Transcript, Doc. No. 10, at 3:22-4:4; 5:5-13, 5:20-6:9.

On March 23, 2017, after learning that the foreclosure had taken place before the Chapter 7 case was filed, Chief Judge Manning ordered a show cause hearing to determine, among other things, whether Attorney Charmoy should be sanctioned for his failure to inform the Court about the foreclosure sale. Transcript, Doc. No. 10, at 6:10-18.

Chief Judge Manning made a factual finding that Attorney Charmoy knew that the Connecticut Superior Court had entered a judgment of foreclosure by sale in a foreclosure action in state court at the time the Objection, the Application to Employ Realtor, and the Response to Objection were filed in the Chapter 7 bankruptcy. Doc. No. 1-1, Notice of Appeal from Bankruptcy Court, Order, at 3; Transcript, Doc. No. 10, at 88:6-18. She held that Attorney

Charmoy did not disclose any information about the foreclosure action or the pre-petition foreclosure sale to the Bankruptcy Court. Transcript, Doc. No. 10, at 177:2-178:3.

At the conclusion of the March 23, 2017 hearing, Chief Judge Manning ordered that sanctions be imposed on Attorney Charmoy, for a total of $8,074.86, to be paid to the Committee in full on or before April 6, 2017, and leaving open the possibility for additional fees and expenses to be paid to the Committee within 14 days of April 6, 2017. Doc. No. 1-1, Notice of Appeal from Bankruptcy Court, Order, at 4. Attorney Charmoy timely appealed Chief Judge Manning's sanctions order.

## II.     Standard of Review

A federal district court has jurisdiction to hear appeals of "final judgments, orders, and decrees" of the bankruptcy court for the same district pursuant to 28 U.S.C. § 158(a). When reviewing bankruptcy appeals, the district court reviews conclusions of law *de novo* and applies the clearly erroneous standard to findings of fact. *In re Ionosphere Clubs*, 922 F.2d 984, 988 (2d Cir. 1990). The district court may "affirm, modify, or reverse a bankruptcy court's judgment, order, or decree[,] or remand with instructions for further proceedings." *In re Indicon*, 499 B.R. 395, 400 (D. Conn. 2013) (quoting former Federal Rule of Bankruptcy Procedure 8013).

## III.    Discussion

### A.   Jurisdiction

This court has jurisdiction to hear the present appeal. A district court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a).

Chief Judge Manning's Order Granting Relief from Automatic Stay and Imposing Sanctions After Show Cause Hearing did not intend to leave open any issues pertaining to the

3

order for sanctions, and thus is treated as a final order. Doc. No. 1-1, Notice of Appeal from Bankruptcy Court, Order, at 4-5. Even if that order is not final because it leaves open the issue of whether the Debtors' case should be dismissed as a bad faith filing, and is rather an interlocutory order, this court has jurisdiction to hear this appeal "with leave of the court" under 28 U.S.C. § 158(a)(3).

B. <u>Procedural issues with respect to the imposition of sanctions.</u>

Among the issues Attorney Charmoy raises as grounds for appeal are (1) whether the Bankruptcy Court abused her discretion by failing to refer to certain pleadings and papers in her Show Cause Order, and (2) whether the Bankruptcy Court abused her discretion by imposing sanctions based on pleadings that Attorney Charmoy did not sign, file, submit, or later advocate. Doc. No. 17, Appellant Charmoy Brief, at 4. I conclude that the sanctions order lacks precision regarding the representations made by Attorney Charmoy, and therefore remand to the Bankruptcy Court for clarification.

Federal Rule of Civil Procedure 11 requires that when an attorney presents a "pleading, written motion, or other paper" to the court, the attorney must certify that the information presented is not being presented for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that all "factual contentions have evidentiary support or…will have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). The rule provides that the court may order an attorney to show cause why conduct has not violated Federal Rule 11(b), and may issue sanctions for violation of Federal Rule 11(b) on its own initiative. Fed. R. Civ. P. 11(c)(3).

Bankruptcy Procedure 9011 essentially mirrors Federal Rule of Civil Procedure 11. It states, in relevant part, that by presenting pleadings, petitions, written motions, or other papers to the court, an attorney or unrepresented party is certifying that "to the best of the person's

4

knowledge...formed after an inquiry under reasonable circumstances," that the paper is not being presented for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation…." Fed. R. Bankr. P. 9011(b)(1).

Pursuant to Bankruptcy Rule 9011(c), if, after notice and an opportunity to respond, the bankruptcy court determines that an attorney has violated Bankruptcy Rule 9011(b), it may impose "an appropriate sanction." *In re Withrow*, 405 B.R. 505, 513 (B.A.P. 1st Cir. 2009); s*ee also* Fed. R. Bankr. P. 9011(c)(1). A sanction "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated" and can include an order to pay a penalty to the court or some or all of the reasonable attorneys' fees and expenses to the movant. Fed. R. Bankr. P. 9011(c)(2).

Section 105(a) of the Bankruptcy Code states that the Bankruptcy Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The code states that the court may "*sua sponte*, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.* Section 105 has been interpreted to authorize the impositions of sanctions. *See In re Gordon*, 577 B.R. 38 (S.D.N.Y. 2017).

Here, Chief Judge Manning held that Attorney Charmoy had violated Bankruptcy Rule 9011(b)(1) and Fed. R. Civ. P. 11 by failing to disclose critical information to the bankruptcy court. Doc. No. 1-1, Notice of Appeal from Bankruptcy Court, Order, at 4. She held that Attorney Charmoy did not disclose in the Bankruptcy Objection, the Application to Employ Realtor, or the Response to Objection that the Giblens' home had been sold in a foreclosure action in state court. Doc. No. 1-1, Notice of Appeal from Bankruptcy Court, Order, at 3-4. Chief Judge Manning held that Attorney Charmoy had violated his obligations under Rules 11 and

9011(b)(1) by failing to complete, change, amend, or modify the Statement of Intention at any time prior to, during, or after the Section 341 Meeting in this case, only amending the Statement of Intention *after* the Court informed the parties at the March 7, 2017 hearing that the Statement of Intention was incomplete. *See* Doc. No. 1-1, Notice of Appeal from Bankruptcy Court, Order, at 4.

1. *The show cause order did not provide adequate notice and an opportunity to be heard.*

In the Show Cause Order, Chief Judge Manning referenced only the application to appoint a realtor as an improperly presented pleading. Doc. No. 33, Order to Appear and Show Cause, at 2. During the sanctions hearing, however, Chief Judge Manning discussed additional relevant pleadings not referenced in the Bankruptcy Court's Show Cause Order, including the Statement of Intention, the trustee's objection to exemptions of the debtor, the reply of the debtor's counsel to the trustee's objections, the exemptions claimed by the Debtors, and the trustee's motion to employ realtors. Transcript, Doc. No. 10, at 230:16–231:6. Attorney Charmoy was not provided with adequate notice or an opportunity to be heard with regard to those pleadings, as is required for due process under Bankruptcy Rule 9011. *In re Withrow*, 405 B.R. at 513; s*ee also* Fed. R. Bankr. P. 9011(c)(1). Therefore, the matter is remanded to allow Chief Judge Manning an opportunity to cure the procedural issue.

2. *The Bankruptcy Court relied upon two pleadings that Attorney Charmoy did not sign, file, submit, or later advocate.*

Chief Judge Manning sanctioned both Attorney Charmoy and the Trustee for lack of candor to the court and for failing to disclose the foreclosure sald. Doc. No. 1-1, Notice of Appeal from Bankruptcy Court, Order, at 3-4. In making that factual finding, Chief Judge Manning relied upon the Response to Chapter 7 Trustee's Objection to Debtors' Claim for

Exemptions, in which Attorney Charmoy did not disclose the pre-petition foreclosure sale or other information relating to the foreclosure action. Doc. No. 17-1, Appendix to Appellant Charmoy's Brief, Volume 1, at A-95. Chief Judge Manning also relied upon the Statement of Intention for Individuals Filing Under Chapter 7, which was left blank, and which Attorney Charmoy first submitted on December 18, 2016. *Id.* at A-69–70. That pleading was submitted as part of a packet of documents that Attorney Charmoy did not sign, but submitted using a "/s/" signature. Given that the document was "presented" to the court by Attorney Charmoy, Rule 9011 sanctions may be based upon that pleading. *See* Fed. R. Civ. P. 11(b). Attorney Charmoy submitted a revised version of the Statement of Intention on March 16, 2017, after Chief Judge Manning learned about the foreclosure sale. *Id.* at A-213–15.

The other documents that Chief Judge Manning relied upon, however, namely the Objection and the Application to Employ Realtor, were signed or submitted by the Trustee rather than by Attorney Charmoy. *Id.* at A-75–76; A-78–79.

Although she did not expressly do so in the sanctions order, Chief Judge Manning could also rely on the original summary of assets and liabilities, declaration, statement of financial affairs, and/or statement of intention, which were signed or submitted by Attorney Charmoy. Further proceedings on remand are necessary if Chief Judge Manning wants to impose Rule 9011 sanctions on the basis of documents signed and presented by Attorney Charmoy.

C. <u>The Bankruptcy Court erred in awarding sanctions to the Committee.</u>

In addition, Attorney Charmoy argues that the Bankruptcy Court abused its discretion by ordering that the imposed sanctions should be paid to the Committee and in determining the amount of the sanction. Appellant Scott M. Charmoy's Brief, Doc. No. 17, at 27-28, 32-33.

Rule 9011 states that sanctions can include "an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the

7

movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed. R. Bankr. P. 9011(c)(2). The Second Circuit has held that "[a]bsent a specific motion for attorneys' fees, the court only had authority to order sanctions payable to the court." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 57 (2d Cir. 2000). "By its terms, the rule thus precludes a court from awarding attorneys' fees on its own initiative." *Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.*, 174 F.3d 87, 94 (2d Cir. 1999). *See also Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 455 (5th Cir. 1998) ("[W]here sanctions are imposed under Rule 11(c)(1)(B) by a district court on its own initiative, ... the award of attorney's fees ... [does not] constitute a valid sanction.").

Because Chief Judge Manning imposed sanctions *sua sponte* in this case rather than in response to a motion, the Bankruptcy Court erred in ordering Attorney Charmoy to pay fees and costs to the Committee. Instead, Chief Judge Manning should have ordered any sanction be paid to the Court.

**IV. Conclusion**

For the reasons stated above, I remand Attorney Charmoy's appeal from the *sua sponte* order imposing sanctions. This matter is remanded to the Bankruptcy Court for whatever further proceedings the Bankruptcy Court chooses to undertake consistent with this Order, potentially including imposition of a penalty to be paid to the court by Attorney Charmoy.

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of March 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge